1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 01, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

ARNULFO FAUSTINO ANAYA,

                    Petitioner,

    v.

MELISSA ANDREWJESKI,

                    Respondent.

NO:  4:24-CV-05011-TOR

ORDER DENYING LEAVE TO
PROCEED *IN FORMA PAUPERIS,*
SUMMARILY DISMISSING
PETITION AND DENYING
MOTIONS

      BEFORE THE COURT are Petitioner's Petition for Writ of Habeas Corpus

pursuant to 28 U.S.C. § 2254[1], a "Motion: 'Clerk Action' Note-Up Plaintiff's

---

[1] The first page of Petitioner's Petition is from a Petition for a Writ of Habeas

Corpus Under 28 U.S.C. § 2241 form.  ECF No. 1 at 1. The subsequent pages are

on a form Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person

in State Custody.  *Id* at 2–16.  The form is not presented sequentially, and

Petitioner's signature appears at ECF No. 1 at 3, and is dated October 25, 2023,

ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS,*
DISMISSING PETITION AND DENYING MOTIONS -- 1

Motions Date: 11-24-23," a "Motion: Hebeas [sic] Corpus Relief Pursuant 28 U.S.C. 2254 – Exhaustion of State Remedies Complete," a "Motion: 'Stay and Abeyance' Pending State Remedies Pursuant 28 U.S.C. 2254(b)(2)," a "Motion: Designation of Records 'Expansion of Record' Pursuant 28 U.S.C. 2254," a "MOTION: 'Show Cause' 'Hebeas [sic] Corpus Relief' Pursuant 28 U.S.C. 2254(b),(1),(A), (B)(i),(ii), RCW 9A.44.020(1) 'Unconstitutional'," a "MOTION: Evidence Hearing 'Show Cause' - Pursuant 28 2254 (b),(1),(A),(B),(i),(ii)," Appendices to his various Motions, and a "MOTION: Exhaustion of State Remedies and Lift Stay and Abey Memorandum Pursuant 28 U.S.C. 2254 (b),(1),(A)(B),(i),(ii)." ECF Nos. 1, 4, 5, 6, 7, 8, 9, 10 and 12.

---

nearly three months before he presented it to the Court on January 17, 2024. The Court notes that this is the fourth habeas petition Mr. Faustino-Anaya has presented since August 15, 2023. *See* Nos. 4:23-cv-05117-TOR; 4:23-cv-05153-TOR; and 4:23-cv-05157-TOR. All prior petitions were dismissed without prejudice based on Petitioner's admission that he had not exhausted his state court remedies. Petitioner's representation in response to item 14 on the petition form that he has not "previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition[,]" ECF No. 1 at 14, is not well taken.

ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS,* DISMISSING PETITION AND DENYING MOTIONS -- 2

1    Petitioner seeks leave to proceed *in forma pauperis.*  ECF No. 2.  On February

2  22, 2024, Petitioner paid the $5.00 filing fee to commence this action.  Therefore,

3  the application to proceed *in forma pauperis,* ECF No. 2, is **DENIED as moot.**

4    Respondent has not been served in this action. Petitioner asks this Court to

5  allow him to withdraw his guilty plea and to immediately release him from custody.

6  ECF No. 1 at 3.  Liberally construing the Petition in the light most favorable to

7  Petitioner, the Court finds that Petitioner is not entitled to the relief he seeks.

8                          **PROPER FORM OF PETITION**

9    Petitioner is advised that 28 U.S.C. § 2254 is the exclusive avenue for a state

10 prisoner to challenge the constitutionality of his detention.  *White v. Lambert*, 370

11 F.3d 1002, 1007 (9th Cir. 2004), overruled on other grounds by *Hayward v.*

12 *Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc), overruled on other grounds by

13 *Swarthout v. Cooke*, 562 U.S. 216 (2011).  Therefore, Petitioner may not seek habeas

14 relief under 28 U.S.C. § 2241, which is properly understood as a general grant of

15 habeas authority, providing federal court jurisdiction to a state prisoner when that

16 prisoner is not in custody pursuant to a "state court judgment."  *White,* 370 F.3d at

17 1006.  Therefore, Petitioner use of any portion of the § 2241 petition form to present

18 his claims and his assertions regarding the applicability of § 2241 are not proper.

19                      **FEDERAL HABEAS CORPUS PETITION**

20    Petitioner is challenging a state court conviction following his plea of guilty

ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS,*
DISMISSING PETITION AND DENYING MOTIONS -- 3

to two counts of Rape of a Child in the Second Degree occurring in Franklin County, Washington. *See* ECF No. 1 at 1–2. He indicates that he is serving a sentence imposed on March 1, 2022. *Id.* at 1. He also states that he was sentenced on November 30, 2021, to 102 months to life incarceration. *Id.* at 2. According to the Felony Judgment and Sentence attached to the petition, Petitioner was sentenced on March 1, 2022, following a guilty plea on November 23, 2021, to a sentence of 102 months to life. *Id.* at 107, 111.

Petitioner contends that he entered the guilty plea "after 2 years of 'HIGH Pressure Tactics, harassment, psychological adverse well-being affected and the true attorney's failure to end such emotional and psychological abuse during pre-trial confinement." ECF No. 1 at 2 (as written in original). He claims that he was "forced to plea guilty to both counts charged by the state." *Id.* at 4. He indicates he did not file a direct appeal, claiming that he was not informed of his appeal rights. *Id*.

Petitioner included the Statement of Defendant on Plea of Guilty as an attachment to his Petition, which states:

"I am charged with: RAPE OF A CHILD 2nd (Two Counts)

The elements are: (1) Sexual Intercourse with another who is at least twelve years old, but less than fourteen years old or perpetrator is 36 months older." *Id.* at 88. Petitioner wrote: "on 7-30-2008 – Due to my alcohol abuse I had sexual intercourse with LECP & ALMF they were at least 12 yrs old or less than 14 - > I

was 36 months older than them - > In Fr. Co. WA." *Id.* at 97.  Petitioner signed the

Statement that avers: "My lawyer has explained to me, and we have fully discussed,

all of the above paragraphs and the 'Offender Registration' Attachment and the

"Felony Firearm Registration" Attachment, if applicable.   I understand them all. I

have been given a copy of this 'Statement of Defendant on Pleas of Guilty.'  I have

no further questions to ask the judge." *Id.* at 98. Petitioner's lawyer signed the

Statement and averred "I have read and discussed this statement with the defendant

and believe that the defendant is competent and fully understands the statement." *Id*.

      The Statement also contains an interpreter's declaration: "I am a certified or

registered interpreter, or have been found otherwise qualified by the court to

interpret in the Spanish language, which the defendant understands.   I have

interpreted this document for the defendant from English into that language. I certify

under penalty of perjury under the laws of the state of Washington that the forgoing

is true and correct." *Id.* at 98.  The Statement also avers that it was signed in open

court by the defendant in the presence of the defendant's lawyer and the judge, and

the superior court judge averred "I find the defendant's plea of guilty to be

knowingly, intelligently and voluntarily made. Defendant understands the charges

and the consequences of the plea.   There is a factual based for the plea.   The

defendant is guilty as charged." *Id.* at 98.

1    Petitioner states that he filed a petition in the Washington State Court of
2    Appeals, Division III, on an unspecified date and invites the court to "see attached."
3    *Id.* at 5.  There are nearly 250 pages attached to the Petition.  It is not the role of the
4    Court to comb the record in search of information Petitioner has not clearly and
5    concisely presented.

6    Nevertheless, state court documents attached to the Petition show that
7    Petitioner filed a timely Personal Restraint Petition ("PRP") on February 21, 2023,
8    case No. 39533-2-III, which was dismissed on September 28, 2023. *Id.* at 256–62.
9    The Washington State Court of Appeals, Division III, dismissed the PRP, finding
10   that Petitioner's claim of the ineffective assistance of counsel for allegedly failing to
11   conduct a reasonable investigation, interview witnesses, or file any suppression
12   motions lacked any factual support.  *Id.* at 257–58.  The Court further found there
13   was no prejudice to Petitioner because the two charges of Rape of a Child in the First
14   Degree were reduced to Rape of a Child in the Second Degree, additional charges
15   were dropped, and counsel negotiated the sentence down from 190 months to life to
16   102 months to life.  *Id.*

17   The Washington State Court of Appeals also found that Petitioner had denied
18   any undue coercion when he pleaded guilty and he "made a strategic decision to
19   plead guilty in order to guarantee a sentence that was substantially less than what he
20   originally faced if found guilty at trial, rather than risk an all-or-nothing trial."  *Id.*

at 259.  In addition, the Court of Appeals found his claim that he was "not fully informed of the terms of the plea offer he accepted," and he "was not fully advised of the consequences of pleading guilty" were "not sufficiently developed to command review," noting that a certified Spanish language interpreter had interpreted the guilty plea, containing the State's recommendations and the direct consequences of pleading guilty." *Id.*  Furthermore, the Court of Appeals found his supplemental claim regarding the constitutionality of RCW 9A.44.020(1) was time-barred under state procedural rules.  *Id.*  at 260–61.

Petitioner submitted the Washington State Supreme Court's RULING DENYING REVIEW in case No. 102474-6, entered December 19, 2023. ECF No. 10 at 11–12.  He also submitted the Certificate of Finality for case No. 39533-2-III, showing it became final for state court purposes on January 18, 2024.

In the interim, Petitioner filed a second PRP, case No. No. 39957-5-III, which was dismissed as time-barred on October 23, 2023. ECF No. 1 at 25–26.  Petitioner also submitted identical letters dated October 26, 2023, indicating that he filed a third PRP directly with the Washington State Supreme Court, case No. 102509-2, which was transferred to Division III of the Court of Appeals pursuant to RAP 16.5. *Id.* at 29–30.  Petitioner attached the Ruling Denying Review from the Washington State Supreme Court concerning case Nos. 102533-5 and 102645-5, relating to Court of Appeals case Nos. 39957-5-III and 40032-8-III, showing they were each

ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS,*
DISMISSING PETITION AND DENYING MOTIONS -- 7

1    dismissed as time-barred.  ECF No. 10 at 3–5, 7–9.

2        Petitioner complains that he did not receive a "full and fair hearing" in the

3    state courts, and he was not appointed counsel.  ECF No. 1 at 5, 13; ECF No. 12 at

4    2.  The Court notes that there is no constitutional right to counsel in state post-

5    conviction proceedings. *See Davila v. Davis*, 582 U.S. 521, 523 (2017); *Coleman v.*

6    *Thompson*, 501 U.S. 722, 752 (1991), *holding modified by Martinez v. Ryan*, 566

7    U.S. 1 (2012); *Smith v. Baldwin*, 510 F.3d 1127, 1146–47 (9th Cir. 2007).

8            **GROUNDS FOR FEDERAL HABEAS CORPUS RELIEF**

9        As his first ground for federal habeas corpus relief, Petitioner contends that

10   RCW 9A.44.020(1), an "evidence rule/statute" is facially invalid and

11   unconstitutional as applied to him.  *Id.* at 7.  As "supporting facts" he asserts,

12   "District Courts have jurisdiction under 28 U.S.C. section 2241 to entertain

13   challenges to RCW 9A.44.020(1) 'ZERO CORROBORATION' TO CONVICT

14   statute – There are no set of Circumstances that exists under which the statute would

15   be valid and 'as applied' the statute as applied to the Petitioner is invalid. Requiring

16   Review Analysis under Wash Const Art 1 section 12 and the 'Salerno Test'

17   articulated in United States v. Salerno, 481 U.S. 739, Reasonable Ground Analysis

18   Under Wash Const Article 1 S 12. 'Equal Protection' challenge. 'Jurisdiction' can

19   be raised at any time including first time on appeal."  *Id.* at 7.  This recitation

20   provides no factual support for a claim that Petitioner is in custody in violation of

ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS,*
DISMISSING PETITION AND DENYING MOTIONS -- 8

1    the constitution or laws of the United States.

2        As his second ground for federal habeas corpus relief, Petitioner seems to

3    assert that his guilty plea was no knowing and voluntary. *Id*. at 9. Petitioner asserts

4    that his guilty plea was not, "knowing, intelligent and voluntary" under "the totality

5    of the circumstances" and cites to *Brady v. United States,* 397 U.S. 742 (1970). *Id.*

6    at 9. He contends that the "unconstitutionality of the statute" coerced the plea and

7    that his defense attorney and the prosecutor "influenced" the plea after "prolonged

8    pretrial detention" even after Petitioner had asserted he would not plead guilty. *Id.*

9    Petitioner claims he was "promised" that he would "go home" if he "signed

10   unknown papers." *Id.*

11       In his third ground for relief, Petitioner complains of "Equal Protection clause

12   privileges and immunities granted to 'allege' victims of sexual assault." *Id.* at 10.

13   Petitioner contends that his trial counsel and the prosecutor "willfully subjected

14   petitioner to an unconstitutional statute RCW 9A.44.020(1) even after several verbal

15   notifications I did not want to plea guilty – I did not and was 'NOT' informed the

16   chapter RCW 9A.44.020(1) was invalid on its face 'facially' and 'applied' as to the

17   petitioner are no set of circumstances to the extent the statute would be valid – State

18   remedies exhausted." *Id.*

19       As his fourth ground for federal habeas corpus relief, Petitioner asserts that

20   "RCW 9A.44.020(1) – EX POST FACTO STATUTE That violates the U.S.

ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS,*
DISMISSING PETITION AND DENYING MOTIONS -- 9

Constitution; Article 1 section 10." *Id.* at 12.  He then argues that "RCW 9A.44.020(1) is a Bill of Attainder that was used in my case to retaliate, discriminate, harass, force, and failure to take reasonable steps to eliminate such activity that minpulated me to sign a guilty plea when I was told by my trial attorney I'd be released from jail.  My trial attorney aided in such performance the affected my psychological emotional well-being.  I told my trial attorney allowed "abusive" high pressure tactics even after repeatedly told him 'NO I WAS NOT GUILTY' – I WANT NO PLEA AGREEMENT".  On the ground unconscionability the inequality of the plea agreement is so manifest to shock the judgment of the Petitioner – State remedies exhausted." *Id.* (as written in original).

Petitioner also complains that he was not informed of his appeal rights, and he did not understand the terms of his plea, believing that his plea would result in his release from incarceration.  ECF No. 1 at 4, 12.

All of Petitioner's asserted grounds for relief involve a challenge to the constitutionality of RCW 9A.44.020(1).  Petitioner's claim that a state statute is unconstitutional for not requiring evidence corroborating the victim's statements, however, is not a cognizable habeas claim.

## PLEA OF GUILTY

As a general principle, a petitioner may not collaterally attack alleged pre-plea constitutional violations if he enters a voluntary and intelligent guilty plea.  *See*

*Tollett v. Henderson*, 411 U.S. 258, 265–67 (1973).  The Supreme Court held that "[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Id.* at 267.

Nevertheless, the Ninth Circuit has explained that "*Tollett*, properly understood, provides that although freestanding constitutional claims are unavailable to habeas petitioners who plead guilty, claims of pre-plea ineffective assistance of counsel are cognizable on federal habeas review when the action, or inaction, of counsel prevents petitioner from making an informed choice whether to plead." *Mahrt v. Beard*, 849 F.3d 1164, 1170 (9th Cir. 2017).  In *Blackledge v. Perry*, 417 U.S. 21 (1974), the U.S. Supreme Court held that a guilty plea was not a bar to federal habeas corpus where the underlying constitutional claim goes to the power of the state to bring the defendant into court to answer the charges brought against him. 417 U.S. at 30.  That is not what Petitioner has alleged.

A federal habeas corpus petitioner must assert that he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  "Normally, 'violations of state law are not cognizable on federal habeas review.'"  *Smith v. Ryan*, 823 F.3d 1270, 1282 (9th Cir. 2016) *(quoting Rhoades v. Henry*, 611 F.3d 1133, 1142 (9th Cir. 2010)); see also *Peltier v. Wright*, 15 F.3d 860,

ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS,*
DISMISSING PETITION AND DENYING MOTIONS -- 11

1    861–62 (9th Cir. 1994) (noting that generally federal habeas corpus is unavailable

2    for alleged errors in interpretation and application of state law).

3        This court is bound by a state court's interpretation of state law unless the

4    state court's interpretation is untenable or amounts to an "obvious subterfuge" to

5    avoid federal review of a constitutional violation. *See Mullaney v. Wilbur*, 421 U.S.

6    684, 691 & n.11 (1975) (quotation omitted); *Butler v. Curry*, 528 F.3d 624, 642 (9th

7    Cir. 2008); *cf. Taylor v. Kincheloe*, 920 F.2d 599, 609 (9th Cir. 1990) (state

8    instructional errors become federal constitutional issues if rendered trial

9    fundamentally unfair).

10       RCW 9A.44.020(1) provides: "In order to convict a person of any crime

11   defined in this chapter it shall not be necessary that the testimony of the alleged

12   victim be corroborated." *Id.*  Therefore, the testimony of an alleged rape victim need

13   not be corroborated.  *Id.*  Since 1913, the law of Washington has followed the

14   common law rule that no corroboration is necessary.  *See State v. Thomas*, 52 Wn.2d

15   255, 324 P.2d 821 (1958).  By challenging the fact that an alleged rape victim's

16   testimony does not need to be corroborated, Petitioner is challenging the sufficiency

17   of the evidence that could convict him of the crime, and not the state's authority to

18   bring him to court.  Consequently, Petitioner's guilty plea is a bar to his challenge

19   to RCW 9A.44.020(1).  *See Blackledge*, 417 U.S. at 30.

20

ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS,*
DISMISSING PETITION AND DENYING MOTIONS -- 12

Because petitioner pled guilty, the grounds for relief asserting that the testimony required for a conviction is unconstitutional, or that counsel should have moved to dismiss the charges on this ground, are not a basis for habeas relief.

To the extent Petitioner is claiming that his guilty plea was not knowing or intelligent, or that he was not advised of his appeal rights, his signed Statement of Defendant on Plea of Guilty, ECF No. 1 at 88–98, suggests otherwise.  Habeas relief is only available if the state court's decision was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court. 28 U.S.C. § 2254(d)(1); *Shoop v. Hill*, 139 S. Ct. 504, 506 (2019) (per curiam) (stating that under § 2254(d)(1), "habeas relief may be granted only if the state court's adjudication 'resulted in a decision that was contrary to, or involved an unreasonable application of,' Supreme Court precedent that was 'clearly established' at the time of the adjudication."); *see Williams v. Taylor*, 529 U.S. 362, 407–09 (2000).  The Court is unable to infer from Petitioner's submissions that the decision of the Washington State Court of Appeals to dismiss Petitioner's claims as frivolous was contrary to, or involved an unreasonable application of, clearly established federal law.

## EX POST FACTO AND BILL OF ATTAINDER

Petitioner claims that RCW 9A.44.020(1), is "an EX POST FACTO statute," as he was unaware of the rights he was waiving.  ECF No. 1 at 2, 12.  He also

ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS,*
DISMISSING PETITION AND DENYING MOTIONS -- 13

contends that RCW 9A.44.020(1) is a "bill of attainder." *Id.* at 12.

The U.S. Constitution prohibits the enactment of "ex post facto" criminal laws. U.S. Const. art. 1, § 9. "To fall within the ex post facto prohibition, a law must be retrospective—that is, 'it must apply to events occurring before its enactment'—and it 'must disadvantage the offender affected by it' by altering the definition of criminal conduct or increasing the punishment for the crime." *Lynce v. Mathis*, 519 U.S. 433, 441, (1997) (*quoting Weaver v. Graham*, 450 U.S. 24, 24 (1981)). Apart from his conclusory assertions, Petitioner has presented no facts indicating that RCW 9A.44.020(1) applied to events occurring before it was enacted; altered the definition of any criminal conduct; or increased Petitioner's punishment. Therefore, Petitioner has failed to state a cognizable ex post facto claim.

A bill of attainder is "a law that legislatively determines guilt and inflicts punishment upon an identifiable individual without provision of the protections of a judicial trial." *Nixon v. Adm'r of Gen. Servs.*, 433 U.S. 425, 468 (1977). The Court cannot infer from the language of the statue to which Petitioner objects, RCW 9A.44.020(1), that it inflicts punishment. Rather, this statutory provision only governs the evidence that can convict a person of a crime. It does not impose a punishment. Therefore, Petitioner's assertion that it is a "bill of attainder" has no basis in law or fact.

//

1          **EXHAUSTION/PROCEDURAL DEFAUL**

2          "An application for a writ of habeas corpus on behalf of a person in custody

3   pursuant to the judgment of a State court shall not be granted unless it appears that .

4   . . the applicant has exhausted the remedies available in the courts of the State."  28

5   U.S.C. § 2254(b)(1)(A).  The exhaustion requirement "is designed to give the state

6   courts a full and fair opportunity to resolve federal constitutional claims before those

7   claims are presented to the federal courts," and, therefore, requires "state prisoners

8   [to] give the state courts one full opportunity to resolve any constitutional issues by

9   invoking one complete round of the State's established appellate review process."

10  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (establishing that exhaustion

11  requires presenting each claim to the state's highest court).

12         The "procedural default doctrine 'bar[s] federal habeas [review] when a state

13  court declined to address a prisoner's federal claims because the prisoner had failed

14  to meet a state procedural requirement.'" *Calderon v. United State District Court*,

15  96 F.3d 1126, 1129 (9th Cir. 1996) (quoting *Coleman v. Thompson*, 501 U.S. 722,

16  729-730 (1991)).  This doctrine applies when: (1) a state court has been presented

17  with a federal claim, but declined to reach the issue pursuant to an independent and

18  adequate state procedural rule, or when (2) it is clear that the state court would hold

19  the claim procedurally barred.  *Harris v. Reed*, 489 U.S. 255, 260-263 (1989).  This

20  Court may not reach the merits of procedurally defaulted claims, that is, claims "in

1   which the petitioner failed to follow applicable state procedural rules in raising the

2   claims[.]" *Sawyer v. Whitley*, 505 U.S. 333, 338 (1992), citing *Murray v. Carrier*,

3   77 U.S. 478 (1986).

4         Petitioner's claims regarding RCW 9A.44.020(1) are procedurally barred.

5   They have now been dismissed at least twice as time-barred under RCW 10.73.090

6   and .100.   ECF No. 1 at 25–26.   Any future PRP would likely be barred as a

7   successive petition because state courts will generally find a second or successive

8   PRP barred unless the petitioner certifies he has not filed a pervious petition on

9   similar grounds, and shows good cause why the petitioner did not raise the new

10  grounds in the previous petition. RCW 10.73.140.  Good cause means there was an

11  external objective impediment preventing the petitioner from raising subsequent

12  issues in the first petition, rather than a self-created hardship.  *In re Pers. Restraint*

13  *of Vazquez*, 108 Wash. App. 307, 315 (200l); RCW 10.73.140.  Petitioner has not

14  shown good cause that would allow this Court to stay his petition.  *See Wooten v.*

15  *Kirkland*, 540 F.3d 1019, 1023–24 (2008).

16        If a petitioner has failed to present his claims to the state courts and, because

17  of procedural default, is now barred from doing so, his claims are deemed

18  unexhausted and are, therefore, not cognizable on federal habeas review.  *O'Sullivan*

19  *v. Boerckel*, 526 U.S. 838, 848 (1999); *Moreno v. Gonzalez*, 116 F.3d 409, 411 (9th

20  Cir. 1997).  Petitioner's repeated assertion that he did not receive a "full and fair

hearing" in the state courts, ECF No. 1 at 5, 13; ECF No. 12 at 2, in light of the fact that he did not timely present such claims under the procedural rules of the Washington State Courts, is unavailing.

## MOTIONS

Petitioner filed a document titled, "Motion: 'Clerk Action' Note-Up Plaintiff's Motions Date: 11-24-23." ECF No. 4. This date expired long before Petitioner presented the present Petition. Furthermore, this document, which apparently seeks to note his other Motions for hearing, is improperly designated as a Motion.

Under the Local Civil Rules for the Eastern District of Washington, a motion itself serves as the notice of hearing and should contain the date and time for the hearing in the motion's caption. *See* LCivR 7(b)(1) and (i). Therefore, Petitioner's Motion, ECF No. 4, is superfluous and is **DENIED as moot.**

Petitioner's next Motion is a two-page document titled, "Motion: Hebeas [sic] Corpus Relief Pursuant 28 U.S.C. 2254 – Exhaustion of State Remedies Complete." ECF No. 5. Petitioner states in this document that his is notifying the Court that he "has exhausted state remedies without a 'full and fair' review in the Washington State Courts. Therefore, the State of Washington has forfeited the '5' procedural doctrines: A) Exhaustion of state remedies[;] B) Presumption of correctness[;] C) Harmless error doctrine[;] D) Anti-Terrorism Death Penalty Act (AEDPA)[;] E)

Fourth Amendment Challenges[.]  Thus a federal hearing is required 'evidentiary hearing' and appointment of counsel." *Id.* at 1–2.

It is not necessary for Petitioner to notify the Court of his contentions by means of a Motion.  Therefore, the Motion, ECF No. 5, is **DENIED as moot.**

Petitioner's third Motion is a four-page document titled, "Motion: 'Stay and Abeyance' Pending State Remedies Pursuant 28 U.S.C. 2254(b)(2)," and is dated October 24, 2023.  ECF No. 6.  Petitioner asks this Court to stay these proceedings and hold them in abeyance pending exhaustion of state court remedies.  *Id.* at 1.

As established by the United States Supreme Court, stay and abeyance is only appropriate in limited circumstances in which the district court determines that "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhine v. Weber*, 544 U.S. 269, 277–78 (2005).  Here, Petitioner's conclusory assertion that his "claims have merit supported by evidence," ECF No. 1 at 3, is insufficient to justify a stay.  He has not demonstrated good cause for failing to timely present his claims in the state court or any facts demonstrating that his claims are potentially meritorious. *Rhines,* 544 U.S. at 277–78.  Accordingly, Petitioner's Motion, ECF No. 6, is **DENIED.**

Petitioner's fourth Motion is a two-page document titled, "Motion: Designation of Records 'Expansion of Record' Pursuant 28 U.S.C. 2254," and is

1  also dated October 25, 2023.  ECF No. 7.  Petitioner asks this Court to "'Expand the

2  Record' i.e. 'Designation of State Court Public Records' of the petitioner's claims

3  submitted to the state court." *Id.* at 1.

4      Under Rule 6, Rules Governing Section 2254 Cases in the United States

5  District Courts, a party must seek leave from the Court before conducting discovery,

6  and the determination of whether to grant leave is within the discretion of the District

7  Court.  *See Brewer v. Lewis*, 989 F.2d 1021, 1026 n. 3 (9th Cir. 1993).  Here,

8  Petitioner has not shown "good cause" for allowing discovery at this point in the

9  proceedings. *See* Habeas Rule 6(a).  Therefore, Petitioner's Motion, ECF No. 7, is

10  **DENIED.**

11      Petitioner's fifth motion is a fifteen-page document titled, "MOTION: 'Show

12  Cause' 'Hebeas [sic] Corpus Relief' Pursuant 28 U.S.C. 2254(b),(1),(A), (B)(i),(ii),

13  RCW 9A.44.020(1) 'Unconstitutional',"  dated October 24, 2023.  ECF No. 8.

14  Petitioner seeks to compel the State of Washington to show cause why he should not

15  be granted immediate relief. *Id.* at 1.  Petitioner contends that "the state of

16  Washington has divested itself of Competent Jurisdiction, i.e. 'personal jurisdiction'

17  over the defendant by imposing a 'Life Cap' sentence which is beyond the

18  petitioner's 'MAX' range of confinement." *Id.* at 2.

19      In his accompanying Affidavit, Petitioner repeats assertions concerning an

20  alleged "Bill of Attainder," and that his guilty plea was not knowing and voluntary.

*Id.* at 3–4. He cites *Apprendi v New Jersey,* 530 U.S. 466 (2000), but he presents no facts from which the Court could reasonably infer that he was sentenced "beyond the prescribed maximum" of life. The Court finds no basis to order the state to show cause. Therefore, Petitioner's Motion, ECF No. 8, is **DENIED**.

Petitioner's sixth motion is a two-page document titled "MOTION: Evidence Hearing 'Show Cause' - Pursuant 28 2254 (b),(1),(A),(B),(i),(ii)." ECF No. 9. Petitioner repeats his assertions regarding an unconstitutional "Bill of Attainder." *Id.* For the reasons set forth above, Petitioner's Motion, ECF No. 9, is **DENIED.**

Lastly, Petitioner's seventh motion is an eight-page document titled, "MOTION: Exhaustion of State Remedies and Lift Stay and Abey Memorandum Pursuant 28 U.S.C. 2254 (b),(1),(A)(B),(i),(ii)." ECF No. 12. Petitioner invites the Court to "lift stay and abbey" as he has "officially" exhausted his state court remedies. *Id.* at 1. Because the Court did not impose a stay, the Motion, ECF No. 12, is **DENIED as moot.**

### SUMMARY DISMISSAL

Rule 4 of the Rules Governing Section 2254 Cases provides for the summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." For the reasons set forth above, Petitioner is not entitled to federal corpus habeas relief.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. The Petition for Writ of Habeas Corpus, ECF No. 1, is **DISMISSED without prejudice.**

2. Petitioner's application to proceed in forma pauperis, ECF No. 2, is **DENIED as moot**.

3. Petitioner's Motion: "Clerk Action" Note-Up Plaintiff's Motions Date: 11-24-23, ECF No. 4 is **DENIED as moot.**

4. Petitioner's Motion: Hebeas [sic] Corpus Relief Pursuant 28 U.S.C. 2254 – Exhaustion of State Remedies Complete, ECF No. 5 is **DENIED as moot**.

5. Petitioner's Motion: "Stay and Abeyance" Pending State Remedies Pursuant 28 U.S.C. 2254(b)(2), ECF No. 6, is **DENIED.**

6. Petitioner's Motion: Designation of Records "Expansion of Record" Pursuant 28 U.S.C. 2254," ECF No. 7, is **DENIED.**

7. Petitioner's MOTION: "Show Cause" "Hebeas [sic] Corpus Relief" Pursuant 28 U.S.C. 2254(b),(1),(A),(B)(i),(ii), RCW 9A.44.020(1) "Unconstitutional," ECF No. 8, is **DENIED.**

8. Petitioner's MOTION: Evidence Hearing "Show Cause" - Pursuant 28 2254 (b),(1),(A),(B),(i),(ii), ECF No. 9, is **DENIED.**

9.  Petitioner's MOTION: Exhaustion of State Remedies and Lift Stay and Abey Memorandum Pursuant 28 U.S.C. 2254 (b),(1),(A)(B),(i),(ii),  ECF No. 12, is **DENIED as moot**.

10. The Court further certifies that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

The Clerk of Court shall enter this Order, enter judgment, provide copies to Petitioner, and **CLOSE** the file.

**DATED March 1, 2024**.



THOMAS O. RICE
United States District Judge